KLEIN ZELMAN ROTHERMEL LLP
SEAN A. MOYNIHAN, ESQ. (SM 5129)
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
212-935-6020
212-753-8101 (TELECOPIER)

Attorneys for defendant NWI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY, | Case No. 07-CV-8046 (JFK) |
| Plaintiff, | |
| v. | ANSWER AND COUNTERCLAIM |
| NEASI-WEBER INTERNATIONAL LLC, | JURY TRIAL DEMANDED |
| Defendant. | |
| NEASI-WEBER INTERNATIONAL LLC, | |
| Counterclaimant, | |
| v. | |
| THE NEW YORK TIMES COMPANY, and INTERNATIONAL HERALD TRIBUNE U.S. INC., | |
| Counterdefendants. | |

00085989;1    ANSWER, COUNTERCLAIM and JURY DEMAND

ANSWER

Defendant Neasi-Weber International, LLC ("NWI") answers the complaint of The New York Times Company ("NYTCo.") as follows:

1. This action has been removed, and therefore NWI denies the case arises under state law. NWI does not deny that NYTCo. seeks the remainder of the paragraph.

2, NWI admits that since 1984 it has contracted with NYTCo. for an individual license to utilize NWI's copyrighted ADMARC software system ("System") personal to NYTCo. limited to NYTCo.'s use of the System solely in connection with its publishing business. NWI admits NYTCo. is a New York corporation with its address (as registered with the California Secretary of State) at 229 West 43rd Street, New York, New York 10036. NWI admits International Herald Tribune U.S. Inc. ("IHT") is a New York corporation with its address at 229 West 43rd Street, New York, New York 10036  NWI lacks information or belief regarding the remainder of the paragraph.

3. NWI admits it is a California limited liability company with its principal place of business at 25115 Avenue Stanford, Suite A-300, Valencia, California 91355. NWI admits the remainder of the paragraph.

4. This action has been removed, but NWI admits to jurisdiction in the Southern District of New York.

5. Admit.

6. NWI denies that IHT is a licensee.  NWI admits that the contract's terms are as stated in Exhibit 1.

7. NWI admits the contract terms are as stated in Exhibit 1.

8. NWI admits that IHT is not NYTCo. but lacks information or belief to admit or deny the remainder of this paragraph.

9. NWI admits that NYTCo. started using the System for IHT and that use benefitted NYTCo. and IHT, but lacks information or belief to admit or

2

deny the remainder of this paragraph.

10. NWI admits that NYTCo. asked NWI to enter into a new license for IHT and NWI in reliance added IHT to the System. NWI denies full payment for these services. NWI otherwise lacks information or belief as to the remainder of this paragraph.

11. NWI admits NYTCo. solicited an additional license and maintenance agreement to include IHT in the license, and that Exhibit 2 is the negotiated amendment which would have added IHT to the license. NWI denies IHT was allowed to use the System under the contract with NWI, Exhibit 1, and denies the remainder of the paragraph.

12. NWI admits NYTCo.'s in-house counsel tried to argue in Exhibit 3 that IHT was its affiliate and not a separate entity and that the single location meant no additional license was required. NWI denies the remainder of the paragraph.

13. NWI admits to Exhibit 4 and its contents.

14. Nwi admits that NYTCo. in Exhibit 5 admitted IHT was not an affiliate but an entity separate from NYTCo. and that IHT was using the System, and that the contents of the email are as stated.

15. NWI admits the letter from its counsel was sent to NYTCo.'s general counsel and IHT's principal (who also appears to be an officer of NYTCo.) and states the contents of Exhibit 6.

16. NWI denies continued negotiations but admits NYTCo. should be enjoined from continued copyright infringement and breach of contract.

17. This paragraph does not require a response.

18. NWI denies IHT's use of the System is proper.

19. This paragraph does not require a response.

20. NWI denies IHT's use of the System is proper.

22. NWI admits the prevailing party is entitled to the contractual

3

remedies.

## AFFIRMATIVE DEFENSES

23. NWI has setoffs and offsets against NYTCo. (*see* counterclaim *infra*).

24. NYTCo. has unclean hands.

25. NYTCo. is estopped from denying, and waived any right to deny, the need for a separate license by its agreement to enter into one for IHT's use the System and its resulting inducement to NWI to perform work setting IHT up on the System while the license was pending signature.

## COUNTERCLAIM

26. Counterclaimant NWI is a California limited liability company with its principal place of business at 25115 Avenue Stanford, Suite A-300, Valencia, California 91355. NWI is the author and owner of integrated advertising, circulation, and insert management software products for newspaper and magazine publishers and media related industries worldwide.

27. Counterdefendant NYTCo. is a New York corporation with its address (as registered with the California Secretary of State) at 229 West 43rd Street, New York, New York 10036. Since 1984 NWI has contracted with NYTCo. to provide an individual license to for NYTCo. to utilize NWI's copyrighted ADMARC software system ("System"). A copy of the original license is attached to the Complaint as Exhibit1. NYTCo. is defined in the license as the Licensee.

28. Counterdefendant IHT is a New York corporation with its address at 229 West 43rd Street, New York, New York 10036. IHT does not have a license to use the System and is not an affiliate of NYTCo. a defined in the license at paragraph 6.

29. Each counterdefendant was at all relevant times the agent, joint

4

venturer or coconspirator of each other counterdefendant and acting within the purpose and scope of that relationship.

30. Original federal question jurisdiction exists over the first count pursuant to 28 U.S.C. § 1338(a) as it arises under copyright laws. Jurisdiction also arises under section 1332 from the complete diversity between counterclaimant and counterdefendants and the amount in controversy, which exceeds $75,000. Supplemental jurisdiction over the additional counts exists pursuant to 28 U.S.C. § 1367(a) as the federal and state claims are so related that they form part of the same case or controversy.

31. Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C. § 1400 as counterdefendants reside and engage in commercial activities here and NYTOo. alleges the contract was performed here.

FIRST COUNT

(Copyright infringement)

32. NWI is the owner of copyright TXu 292 965 for its original software for the System known as ADMARC Release 6 for IBM Mainframe. A copy of the registration is attached as Exhibit A.

33. NWI licensed the System to NYTCo. pursuant to the written license agreement attached to the complaint as Exhibit 1. NYTCo. was granted a limited, personal license for it to utilize the System solely in connection with its publishing business. The license provided that affiliates of NYTCo. could utilize the System upon agreement to and payment for a supplemental license. Anyone else using the System required a separate license agreement and payment therefor. Maintenance agreements also accompany the license agreements.

34. By September 2006 NYTCo. had requested that IHT be allowed to utilize the System. Believing IHT to be an affiliate of NYTCo., NWI drafted an

addendum to the license and maintenance agreement. NYTCo. negotiated a revision to that addendum changing the payment timing, to which NWI agreed and issued a final license and maintenance agreement for signature (attached to the complaint as Exhibit 2). NYTCo. gave NWI assurances that it understood an additional license fee and a new maintenance fee were required to be paid and that it would sign the addendum.

35. Relying on NYTCo.'s assurances, NWI commenced installation of the System for IHT's use. In December 2006 NYTCo. signed a services agreement that had accompanied the addendum. Meanwhile, NWI asks for the signed addendum and is told the signature is coming.

36. NWI commenced invoicing NYTCo. for the services in November 2006 through May 2007. In June 2007 NYTCo.'s in-house counsel stated that NYTCo. does not believe it needs a second license as IHT is an affiliate of NYTCo. (Complaint Exhibit 3). NWI responded that the license agreement requires a supplemental license fee be paid if IHT is an affiliate, or if IHT is not an affiliate – which NWI's counsel believed to be the case – then a new license agreement and fee are required. NWI's counsel also demanded that NYTCo. cease use of the System in violation of the license agreement and cease infringing NWI's copyright. [Complaint Exhibit 4.]

37. NYTCo.'s in-house counsel responded that IHT was not an affiliate and yet was using the System without any intention of paying the negotiated license or maintenance fees. [Complaint Exhibit 5.] NWI's counsel made more attempts to gain compliance with the contracts and cease the copyright infringement by NYTCo. and IHT, e.g., complaint Exhibit 5, and gave a deadline of 23 August to avoid litigation, but instead of continuing the discussion NYTCo. filed this action on the deadline in New York state court.

38. Counterdefendants infringed and continue to infringe NWI's copy-

right under 17 U.S.C. § 501 by using the System in this manner. NYTCo.'s license was revoked when it allowed IHT to use the System and IHT never had a license.

39. Pursuant to 17 U.S.C. §§ 502-505 NWI is entitled to a temporary and permanent injunction against counterdefendants to prevent or restrain infringement of NWI's copyright, an order of turnover of all copies and parts of the System, statutory damages and actual damages, counterdefendants' profits and costs and reasonable attorneys' fees by statute and pursuant to paragraph 33 of the license agreement.

## SECOND COUNT
### (Breach of contract)

40. Counterclaimant incorporates paragraphs 26 through 39 in this count.

41. There was a written agreement between NWI and NYTCo., complaint Exhibit 1 as amended. There was a written addendum to that agreement between NWI and counterdefendants, complaint Exhibit 2, which NYTCo. promised to execute on behalf of IHT. There was a signed services agreement between Nwi and counterdefendants for the installation of the System for IHT.

42. NWI performed all or substantially all of the contracts except as excused. All conditions required for counterdefendants' performance have occurred.

43. Counterdefendants have breached the contracts without justification or excuse by failing to pay for the services and NWI's System's license or maintenance pursuant to the contracts. There currently are four outstanding invoices not paid, attached as Exhibit B: 15682 for $7000, 15734 for $43,750, 15735 for $73,750 and 15846 for $47,877.50 for a total owed of $172,377.50.

44. NWI has been damaged in the sum $172,377.50 plus attorneys' fees

pursuant to paragraph 33 of the original agreement and prejudgment interest.from the date of each invoice.

### THIRD COUNT

(Common count)

45. Counterclaimant incorporates paragraphs 26 through 44 in this count.

46. In 2006 and 2007 NWI performed services for counterdefendants and allowed them to use the System at their request and with their promise to pay the reasonable value of such services and use.

47. The reasonable value of NWI's services and the System provided to counterdefendants for which payment has been demanded but not received is $172,377.50. This sum is now due, owing and unpaid by counterdefendants to NWI plus prejudgment interest and reasonable attorneys' fees pursuant to the contract.

### PRAYER

Neasi-Weber International LLC respectfully requests judgment in its favor and against plaintiff and counterdefendants in all respects; entry of an Order dismissing the complaint; temporary and final injunctive relief preventing counterdefendants from infringing NWI's copyright and ordering turnover of NWI's System; statutory or actual damages and profits of defendants from copyright infringement and compensatory damages for the other counts; prejudgment interest; an award of costs and prevailing party attorneys' fees pursuant to law and paragraph 33 of the contract; and an award of any other and further relief as the Court may deem just or proper.

Dated: New York, New York
       September 17, 2007

KLEIN ZELMAN ROTHERMEL LLP

By_____
Sean A. Moynihan (SM 5129)
Attorneys for defendant

DEMAND FOR JURY TRIAL

Defendant demands trial by jury.

Dated: New York, New York
September 17, 2007

KLEIN ZELMAN ROTHERMEL LLP

By_____
Sean A. Moynihan (SM 5129)
Attorneys for defendant

00085989;1    ANSWER, COUNTERCLAIM and JURY DEMAND

# Exhibit A

# CERTIFICATE OF COPYRIGHT REGISTRATION



This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

RECEIVED
OCT - 5 1987

Christie, Parker & Hale

**REGISTER OF COPYRIGHTS**
United States of America

**FORM TX**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**TXu  292 965**

TX / TXU

EFFECTIVE DATE OF REGISTRATION

6 / 11 / 87
Month / Day / Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1 TITLE OF THIS WORK** ▼   (N31:18707/LJY)
ADMARC Release 6 for IBM Mainframe

**PREVIOUS OR ALTERNATIVE TITLES** ▼

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work** ▼

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2 NAME OF AUTHOR** ▼
a  Neasi-Weber International

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
XX Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶ Los Angeles, California

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼
New text for I/O module to adapt unpublished ADVAR program for IBM mainframe.

**NAME OF AUTHOR** ▼
b

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR** ▼
c

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

---

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**   1987 ◀ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Month ▶   Day ▶   Year ▶   Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
NEASI-WEBER INTERNATIONAL
11846 Ventura Boulevard, Suite 200
Studio City, California 91604

APPLICATION RECEIVED
JUN. 11, 1987
ONE DEPOSIT RECEIVED
JUN. 11, 1987
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

**MORE ON BACK** ▶  • Complete all applicable spaces (numbers 5-11) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 10.

DO NOT WRITE HERE
Page 1 of 2 pages

Exh. A

TXu 292 965

| EXAMINED BY | FORM TX |
|---|---|
| CHECKED BY | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |
| ☐ DEPOSIT ACCOUNT FUNDS USED | |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material   Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work   Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space.

**MANUFACTURERS AND LOCATIONS** If this is a published work consisting preponderantly of nondramatic literary material in English, the law may require that the copies be manufactured in the United States or Canada for full protection. If so, the names of the manufacturers who performed certain processes, and the places where these processes were performed must be given. See instructions for details.
Names of Manufacturers ▼        Places of Manufacture ▼

**7**

**REPRODUCTION FOR USE OF BLIND OR PHYSICALLY HANDICAPPED INDIVIDUALS**   A signature on this form at space 10, and a check in one of the boxes here in space 8, constitutes a non-exclusive grant of permission to the Library of Congress to reproduce and distribute solely for the blind and physically handicapped and under the conditions and limitations prescribed by the regulations of the Copyright Office: (1) copies of the work identified in space 1 of this application in Braille (or similar tactile symbols); or (2) phonorecords embodying a fixation of a reading of that work; or (3) both.
a ☐ Copies and Phonorecords        b ☐ Copies Only        c ☐ Phonorecords Only

**8**

See instructions.

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼        Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼
Leo J. Young, Esq.
CHRISTIE, PARKER & HALE
Post Office Box 7068
Pasadena, CA  91109-7068   Area Code & Telephone Number ▶ (818) 795-5843

**9**

Be sure to give your daytime phone number

**CERTIFICATION**  I, the undersigned, hereby certify that I am the
Check one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  Neasi-Weber International
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this is a published work, this date must be the same as or later than the date of publication given in space 3.
DENNIS J. NEASI                        date ▶

Handwritten signature (X) ▼

**10**

**MAIL CERTIFICATE TO**

Name ▼
Leo J. Young, Esq.
CHRISTIE, PARKER & HALE
Number/Street/Apartment Number ▼
Post Office Box 7068
City/State/Zip ▼
Pasadena, California  91109-7068

Certificate will be mailed in window envelope

Have you:
• Completed all necessary spaces?
• Signed your application in space 10?
• Enclosed check or money order for $10 payable to Register of Copyrights?
• Enclosed your deposit material with the application and fee?
MAIL TO: Register of Copyrights, Library of Congress, Washington D.C. 20559

**11**

* 17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by Section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

© U.S. GOVERNMENT PRINTING OFFICE: 1985—491-560/20,015

February 1985—200,000

# Exhibit B



Neasi-Weber International
25115 Avenue Stanford, Ste. A-300
Valencia, CA 91355

# Invoice

| Date | Invoice # |
|---|---|
| 4/26/2007 | 15682 |

**Bill To**

New York Times Company
Mr. Larry Clare - Director
229 West 43rd Street
New York, NY 10036

| P.O. No. | Terms | Due Date |
|---|---|---|
| ADM/L226 | Net 30 days | 5/26/2007 |

| Description | Quantity | UOM | Rate | Amount |
|---|---|---|---|---|
| L226: Megacryption work - Final Payment | 1 | Fee | 7,000.00 | 7,000.00 |
| | | | **Total** | **$7,000.00** |

*Exh. B*



Neasi-Weber International
25115 Avenue Stanford, Ste. A-300
Valencia, CA 91355

# Invoice

| Date | Invoice # |
|---|---|
| 5/23/2007 | 15735 |

**Bill To**

New York Times Company
Mr. Larry Clare - Director
229 West 43rd Street
New York, NY 10036

| P.O. No. | Terms | Due Date |
|---|---|---|
| ADM/SLA | Due on Receipt | 5/23/2007 |

| Description | Quantity | UOM | Rate | Amount |
|---|---|---|---|---|
| ADMARC IHT System License - 50% Due on Go-Live of IHT | 1 | Fee | 43,750.00 | 43,750.00 |
| ADMARC IHT Annual Maintenance - 100% Due on Go-Live of IHT | 1 | Fee | 30,000.00 | 30,000.00 |

See detail attached

**Total** $73,750.00



Neasi-Weber International
25115 Avenue Stanford, Ste. A-300
Valencia, CA 91355

# Invoice

| Date | Invoice # |
|---|---|
| 8/17/2007 | 15846 |

**Bill To**

New York Times Company
Mr. Mike Salzstein
229 West 43rd Street
New York, NY 10036

| P.O. No. | Terms | Due Date |
|---|---|---|
| ADM/MNT | See Due Date | 9/16/2007 |

| Description | Quantity | UOM | Rate | Amount |
|---|---|---|---|---|
| Maintenance Annual Renewal: 10/01/2007 - 9/30/2008 | 1 | Fee | 47,877.50 | 47,877.50 |

See detail attached

**Total**  $47,877.50