UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE NEW YORK TIMES COMPANY, | ) ) | |
| Plaintiff, | | 07-CV-8046 (JFK) |
| v. | ) ) | |
| NEASI-WEBER INTERNATIONAL LLC, | | |
| Defendant. | ) ) | |
| NEASI-WEBER INTERNATIONAL LLC, | ) ) | **ANSWER TO COUNTERCLAIM** |
| Counterclaimant, | | |
| v. | ) ) | |
| THE NEW YORK TIMES COMPANY, and INTERNATIONAL HERALD TRIBUNE U.S. INC., | ) ) ) | |
| Counterclaimdefendants. | ) ) | |

Counterclaim defendants The New York Times Company ("NYTCo.") and International Tribune U.S. Inc., ("IHT"), by their undersigned attorney, hereby respond to the counterclaim of defendant-counterclaimant Neasi-Weber International, LLC ("NWI") as follows:

43192

1. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Answer and Counterclaim ("Counterclaim"), except admit that NWI is a California company with its principal place of business at 25115 Avenue Stanford, Suite A-300, Valencia, California 91355 and that NWI is in the business of providing advertising and circulation software products for newspaper and magazine publishers worldwide.

2. Deny the allegations in paragraph 27 of the Counterclaim, except admit that NYTCo. is a New York corporation, and admit that since 1984 NWI has contracted with NYTCo. to provide a license for NYTCo. to utilize NWI's ADMARC software system ("System"), and aver that NYTCo's current address is 620 Eighth Avenue, New York, NY 10018, and refer to the 1984 license agreement (the "Contract) for the true and correct contents thereof, except admit that NYTCo. is defined in that Contract as the Licensee.

3. Deny the allegations in paragraph 28 of the Counterclaim, except admit that IHT is a New York corporation with its address at 620 8th Avenue, New York, NY 10018.

4. Deny of the allegations in paragraph 29 of the Counterclaim.

5. Deny the allegations in paragraph 30 of the Complaint to the extent they call for a legal conclusion, but admit that NWI alleges that Federal question jurisdiction exists over the first count of the Counterclaim and that NWI alleges that jurisdiction also arises from complete diversity between the parties and that the amount in controversy exceeds $75,000.

6. Admit the allegations in paragraph 31 of the Counterclaim.

43192

7.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Counterclaim, except admit that a certificate of copyright registration purports to be attached as Exhibit A to the Counterclaim.

8.  Deny the allegations in paragraph 33 of the Counterclaim, except admit that NWI licensed the System to NYTCo. to use in connection with its publishing business pursuant to the Contract attached to the Complaint as Exhibit 1, and refers to the Contract for the true and correct contents thereof.

9.  Deny the allegations in paragraph 34 of the Counterclaim, except admit that NYTCo. asked NWI to make certain modifications to the System so that NYTCo. could use the System to process its IHT business, and deny having knowledge or information sufficient to form a belief as to what NWI believed as to the relationship between IHT and NYTCo.

10. Deny the allegations in paragraph 35 of the Counterclaim, except admit that on February 7, 2007 NYTCo. signed an agreement and task order ("task order") for NWI to modify and enhance the System so that NYTCo. could process its IHT invoices, and deny having knowledge or information sufficient to form a belief as to what NWI relied on.

11. Deny the allegations in paragraph 36 of the Counterclaim, except refer to the Exhibits listed for the true and correct contents thereof.

12. Deny the allegations in paragraph 37 of the Counterclaim, except refer to the Exhibits listed for the true and correct contents thereof, and aver that NWI threatened "to file litigation" in a letter to NYTCo's counsel (complaint Exhibit 6, wrongly denominated as Exhibit 5 in the Counterclaim).

13. Deny the allegations in paragraph 38 of the Counterclaim.

43192

14. Deny the allegations in paragraph 39 of the Counterclaim.

15. NYTCo. incorporates by reference, as though set forth in full herein, paragraphs 26-39 of the Counterclaim.

16. Deny the allegations in paragraph 41 of the Counterclaim, except refers to Exhibits 1 and 2 for the true and correct contents thereof.

17. Deny the allegations in paragraph 42 of the Counterclaim, except admit that NYTCo. accepted the work performed on the task order after holding payment back because NWI had not met specifications, and after paying, NYTCo. discovered that the System didn't function properly, especially with respect to VAT calculations.

18. Deny the allegations in paragraph 43 of the Counterclaim, except admit that NYTCo. did not pay invoices for $43,750 and $73,750 equaling a total of $117,500 because, as set forth in the Complaint in this action, such payments are not due under the contract ($30,000 is not due for the additional reason that it was billed as a maintenance charge for the IHT which the parties never agreed on and which NYTCo. was not bound to), and further avers that with respect to the invoice of $47,877.50, NYTCo. did not pay such sum after it was advised by NWI that NWI would not perform services under the maintenance agreement, therefore putting it in anticipatory breach of the maintenance agreement.

19. Deny the allegations in paragraph 44 of the Counterclaim.

20. NYTCo. incorporates by reference, as though set forth in full herein, paragraphs 26-44 of the counterclaim.

21. Deny the allegations in paragraph 46 of the Counterclaim.

22. Deny the allegations in paragraph 47 of the Counterclaim.

43192

THE NEW YORK TIMES LEGAL DEPARTMENT

_____
George Freeman, Esq.
Attorney for Plaintiff-Counterclaim-defendants
The New York Times Company and IHT
620 Eighth Avenue, 18th Floor
New York, New York 10018
Telephone: 212-556-1558
Fax: 212-556-4634
(GF 0038)

Dated:  New York, New York
        October 16, 2007


To:   Sean Moynihan
      Klein, Zelman, Rothermel LLP
      485 Madison Avenue
      New York, NY 10022-5803

      Cynthia Woollacott
      Woollacott Jannul LLP
      10350 Santa Monica Blvd., Suite 350
      Los Angeles, CA 90025

43192